STANDARD IRON WORKS v. SOUTHERN BELL TELEPHONE & TELEGRAPH CO.

(District Court, W. D. South Carolina. June, 1917.)

1. TELEGRAPHS AND TELEPHONES ⬤⟳56—FAILURE TO FURNISH TELEPHONE CONNECTION—LIABILITY—ABSENCE OF CONTRACT.

A third party's failure to secure connection with fire department through defendant's telephone exchange by using a telephone not contracted for by plaintiff does not render defendant liable for fire damage to plaintiff's property.

2. JUDGMENT ⬤⟳570(5)—MERGER AND BAR—NONSUIT.

A nonsuit upon insufficient evidence is not an adjudication, but allows plaintiff to sue again.

At Law. Action by the Standard Iron Works against the Southern Bell Telephone & Telegraph Company. On motion for nonsuit. Nonsuit granted.

Cornelius Otts, of Spartanburg, S. C., for plaintiff.

Bomar & Osborne, of Spartanburg, S. C., and Osborne, Lawrence & Abrahams, of Savannah, Ga., for defendant.

JOHNSON, District Judge. [1] At the conclusion of plaintiff's testimony, the defendant moves for a nonsuit on several grounds. It is not necessary to pass upon all the grounds mentioned by the defendant, as in the opinion of the court the motion should be granted. The testimony shows that H. J. Staggs, the party who attempted to secure connection with the fire department through the defendant's telephone exchange, was not an employé of the plaintiff, nor had he any connection whatever with the plaintiff as officer, stockholder, or otherwise. He was not working for or acting for the plaintiff, and, at the time he attempted to secure the connection, neither the plaintiff nor any of its officers, agents, or employés had knowledge of his efforts to secure connection through the defendant's telephone exchange. The telephone over which the said Staggs attempted to secure connection with the fire department was not the telephone for which the plaintiff contracted and which he had in his place of business, but it was the telephone of the Specialty Reed Works, a corporation whose plant was located hard by. There was no privity of contract between Staggs and the plaintiff corporation, and the court feels constrained to grant the motion for that reason, and for the further reason that Staggs did not attempt to use the telephone for which the plaintiff had contracted. Neither the plaintiff's officers, agents, nor employés sought connection, either over its own or any other person's phone, and therefore the question so earnestly argued by plaintiff's counsel that it is the service, and not the particular phone in one's house or on one's place, that is paid for, it seems to me that that question cannot arise.

[2] The court is also of the opinion that the evidence was not such that the jury could have determined what part of the damage accrued before and what part accrued after the fire company ought to have been upon the scene, if prompt connection had been given. The

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

court so stated, but, upon counsel for plaintiff excepting to the ruling of the court and indicating a desire to appeal, the court stated that it would be perfectly willing to rest its decision upon the legal proposition above set out alone, in order to have the question the more easily determined, because a nonsuit upon insufficient evidence does not adjudicate anything, but the plaintiff may try again as often as he sees fit.

Let the defendant prepare his order of. nonsuit, and let these remarks be spread upon the record.